# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

BRIAN M. MULLINS,

    *Defendant.*

Case No. 11-10205-01

## MEMORANDUM AND ORDER

Petitioner Brian M. Mullins was sentenced to 144 months imprisonment with sixty months of his imprisonment coming from his conviction under 18 U.S.C. § 924(c)(1)(A). Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate his Sentence (Doc. 89). In this motion, Petitioner contends that his sentence should be vacated because his conviction does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause. In addition, Petitioner asserts that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. As will be explained below, the Court denies Petitioner's § 2255 claim because it is untimely and denies the motion without an evidentiary hearing.

### I.     Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On May 8, 2012, Petitioner pled guilty to three counts: (1) 18 U.S.C. § 1951(a), conspiracy to interfere with

commerce by robbery; (2) 18 U.S.C. § 924(c)(1)(A), carrying a firearm, during and in relation to, a crime of violence; and (3) 18 U.S.C. § 922(g)(1), felon in possession of a firearm. The Court sentenced Petitioner to 84 months of imprisonment for the §§ 1951(a) and 922(g)(1) offenses and 60 additional months for the § 924(c) offense, totaling 144 months imprisonment and five years of supervised release. Petitioner did not file a direct appeal.

On June 13, 2016, Petitioner filed this Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255(a). He moves to set aside his sentence pursuant to the authority in *Johnson v. United States*.[1] In that decision, the United States Supreme Court found that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act (ACCA), was unconstitutionally vague.[2] Petitioner first contends that his § 924(c) conviction must be vacated because his Hobbs Act robbery conviction does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause. In addition, Petitioner asserts that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.

After Petitioner filed his motion, the Court issued a stay at the parties' request because it appeared that the Tenth Circuit Court of Appeals or the United States Supreme Court was going to rule on several issues pertinent to the case. The parties submitted supplemental briefing after several cases were decided.

Now, Petitioner contends that even though the recent United States Supreme Court decision, *Stokeling v. United States*,[3] dooms § 2255 petitions of defendants convicted of Hobbs

---

[1] --- U.S. ---, 135 S.Ct. 2551 (2015).

[2] *Id*. at 2557-60.

[3] --- U.S. ---, 139 S.Ct. 544 (2019).

Act robbery, it does not doom his. Specifically, he argues that he was only convicted of conspiracy to commit a Hobbs Act robbery. Thus, he was not convicted of using force but only agreeing to use force. In addition, he asserts that the reasoning in *Johnson* that § 924(e)(2)(B)(ii) is unconstitutionally vague is equally applicable to the similar language in § 924(c)(3)(B).

The government asserts that Petitioner's motion is procedurally defective because it is untimely. It contends that Petitioner was not sentenced under § 924(e)(2)(B)(ii) and thus *Johnson's* reasoning is inapplicable to this case. Accordingly, the government states that the one-year timeframe in § 2255(f)(3) for bringing a newly recognized right is inapplicable, and Petitioner's claim is not allowed.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> the judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[5] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

### III. Analysis

Generally, there is a one-year limitation period from which a prisoner's judgment of conviction becomes final for which to file a § 2255 motion.[7] In this case, Petitioner's conviction became final on July 25, 2012. Petitioner filed his motion on June 13, 2016. He, however, brings his motion pursuant to § 2255(f)(3) which provides that the one-year limitation begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner contends that the Supreme Court's decision in *Johnson*, decided on June 26, 2015, established a newly recognized constitutional right that is applicable to cases on collateral review. The government asserts that *Johnson* is not applicable in *this* case because Petitioner was

---

[4] 28 U.S.C. § 2255(b).

[5] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[6] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] 28 U.S.C. § 2255(f)(1).

not sentenced under the same statutory provision (the ACCA) as the defendant in *Johnson*. The government's position has support from the Tenth Circuit.

On several occasions, the Tenth Circuit has determined that *Johnson* is inapplicable to habeas motions when those motions claim that § 924(c)(3)(B) is unconstitutional. In *United States v. Salvador*,[8] the Tenth Circuit determined that the defendant's § 2255 motion was untimely because the defendant could not invoke *Johnson's* newly recognized constitutional right because he was not challenging the ACCA's residual clause at issue in *Johnson* but was instead challenging § 924(c)(3)(B), a different statutory provision.[9] In addition, in *United States v. Wing*,[10] the Tenth Circuit stated that "[g]iven the textual difference between §§ 924(e)(2)(B)(ii) and (c)(3)(B) and the limited scope of the holding in *Johnson*, *Johnson* does not compel the conclusion that § 924(c)(3)(B) is unconstitutionally vague."[11] The Tenth Circuit then stated that "it follows that *Johnson* did not recognize a new right relative to § 924(c)(3)(B)" and thus the habeas motion was untimely.[12] The Tenth Circuit reiterated its position several months later when it stated that "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA. Thus, a movant cannot raise a true *Johnson* claim if he was not sentenced under any clause of the ACCA."[13]

---

[8] 724 F. App'x 670 (10th Cir. 2018).

[9] *Id.* at 672-73.

[10] 730 F. App'x 592 (10th Cir. 2018).

[11] *Id*. at 596.

[12] *Id*.

[13] *United States v. Santistevan*, 730 F. App'x 691, 693 (10th Cir. 2018) (quotation marks and citation omitted).

Here, Petitioner was not sentenced under the ACCA. Instead, he was convicted under § 924(c)(1)(A), and his sentencing issues relate to § 924(c)(3)(B), the exact same statute that the Tenth Circuit has found inapplicable to habeas motions brought under *Johnson*. Petitioner argues that the Tenth Circuit's holdings have not aged well because of two subsequent decisions. He asserts that in *Sessions v. Dimaya*,[14] the United States Supreme Court decided that *Johnson's* reasoning with regard to § 924(e)(2)(B)(ii) applied to a different statutory provision, 18 U.S.C. § 16(b), that contained similar language.[15] In addition, in *United States v. Salas*,[16] the Tenth Circuit determined that § 924(c)(3)(B) is unconstitutionally vague and relied on reasoning from the Supreme Court's *Dimaya* decision.[17] Thus, Petitioner contends that *Johnson* is applicable to § 924(c)(3)(B) claims.

The Court agrees that the reasoning set forth in *Johnson* may be applicable to interpreting different statutory language other than the language contained in the ACCA. It is, however, not applicable to this § 2255 motion at this point in time. In *Santistevan*, the Tenth Circuit stated this proposition. It explained that although "circuit courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review under AEDPA is more limited."[18] Furthermore, as recently as January 2019 (after both *Dimaya* and *Salas* were decided), the Tenth Circuit noted that § 2255 motions

---

[14] --- U.S. ---, 138 S. Ct. 1204 (2018).

[15] *Id.* at 1210 (finding that the definition of "crime of violence" in § 16(b) was unconstitutionally vague based on its previous finding in *Johnson* that invalidated similar language of "violent felony").

[16] 889 F.3d 681 (10th Cir. 2018).

[17] *Id.* at 685-86 (holding that § 924(c)(3)(B)'s definition of "crime of violence," which was identical to the language contained in § 16(b) found unconstitutionally vague in *Dimaya*, was also unconstitutionally vague).

[18] *Santistevan*, 730 F. App'x at 693.

asserting a new constitutional right under *Johnson*, but based on § 924(c), are untimely because *Johnson* is inapplicable to those claims.[19]  Accordingly, Petitioner's motion is untimely and not permitted under § 2255.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[20]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[21]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

---

[19] *United States v. Harris*, 2019 WL 360095, at *1 n. 1 (10th Cir. 2019) (noting that had the government raised the issue that the defendant's § 2255 motion was untimely because *Johnson* did not create a newly recognized constitutional right under § 924(c)(3)'s residual clause, the court would have resolved the case on that ground and found the defendant's motion untimely).

The Court notes that the Tenth Circuit's *Salas* decision determined that § 924(c)(3)(B) is unconstitutionally vague.  In addition, the United States Supreme Court has recently granted cert in *United States v. Davis*, --- S. Ct. ---, 2019 WL 98544, to address this statute and presumably whether it is unconstitutionally vague.  Essentially, Petitioner's contention will be decided by the United States Supreme Court soon, and his motion is untimely because it is premature.

[20] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[21] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate his Sentence (Doc. 89) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of March, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE