IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Case No.: 11-10205-EFM |
| | ) | |
| BRIAN MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On March 11 of 2019, this Court denied Mr. Mullins' petition to vacate his conviction under 18 U.S.C. § 924(c). (Doc. 101). Mr. Mullins had argued that *Johnson v. United States*, 135 S.Ct. 2551 (2015), eliminated the only possible basis for his § 924(c) conviction: the residual clause of § 924(c)(3)(B). (Doc 97). The Court was bound to reject that argument by a series of Tenth Circuit decisions holding that "*Johnson* is inapplicable to habeas motions when those motions claim that § 924(c)(3)(B) is unconstitutional." (Doc 101 at 5). Mr. Mullins did not appeal the Court's denial of his petition.[1]

Mr. Mullins is again before the Court, with the same request. But two things have changed. First, the Supreme Court has decided *Davis v. United States*.[2] *Davis* held that the residual clause of "§ 924(c)(3)(B) is unconstitutionally vague."[3] Second, the Tenth Circuit has considered how *Davis* affects Mr. Mullins' case. Mr. Mullins filed a motion for permission to

---

[1] A full account of the procedural history is set out in the Court's earlier order. (Doc. 101).

[2] 139 S.Ct. 2319 (2019).

[3] 139 S.Ct. at 2336.

file a successive § 2255 petition,[4] and the Circuit granted it.[5] The Circuit's opinion establishes three propositions: (1) *Davis* announced a new rule of constitutional law, (2) *Davis* has been made retroactive to cases on collateral review by the Supreme Court, and (3) the rule announced in *Davis* was previously unavailable to Mr. Mullins.[6]

Applying *Davis* to his case, as the Circuit has allowed him to do, Mr. Mullins argues that his § 924(c) conviction is constitutionally infirm. § 924(c) penalizes (as relevant here), carrying a firearm during and in relation to a crime of violence. (Doc. 69). A crime of violence, as defined by § 924(c)(3), is a felony offense that either: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Subsection (A) is commonly known as the force clause; subsection (B) is commonly known as the residual clause. *Davis* held the residual clause unconstitutional. Because *Davis* applies to cases on collateral review, it cannot sustain Mr. Mullins' § 924(c) conviction.

And, the parties agree that the force clause cannot sustain Mr. Mullins' conviction, either. A crime of violence under the force clause must have, as an element, the use, attempted use, or threatened use of physical force. The government agrees that the offense underlying Mr. Mullins' § 924(c) conviction, conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951, does not have as an element the use, attempted use, or threatened use of physical force.

---

[4] *See* 28 U.S.C. 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain…a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")

[5] *In re Mullins*, __ F.3d __, 2019 WL 5777997 (10th Cir. 2019).

[6] *In re Mullins* at 2-3.

Conspiracy convictions, as the Tenth Circuit has explained, do "not require proof of the use, attempted use, or threatened use of physical force."[7]

*Davis*, as the parties agree, removes the only basis for Mr. Mullins' § 924(c) conviction. The Court ratifies the parties' agreement, and vacates Mr. Mullins' conviction pursuant to 18 U.S.C. § 924(c).

IT IS THEREFORE ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate his Sentence (Doc. 104) is hereby GRANTED.

IT IS SO ORDERED.

Dated this 8th day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Fell*, 511 F.3d 1035, 1037 (10th Cir. 2007). Other circuits agree. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) ("Simms's offense—conspiracy to commit Hobbs Act robbery—does not categorically qualify as a [COV] under the elements-based categorical approach, as the United States now concedes."); *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("To convict Reece of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, Reece's conviction for conspiracy to commit bank robbery cannot be a COV under § 924(c)(3)'s elements clause. That the object crime of the conspiracy constituted a COV is irrelevant.").